```
                DISTRICT COURT OF THE VIRGIN ISLANDS
                  DIVISION OF ST. THOMAS AND ST. JOHN

JAMES MALFETTI, JR. AND ROSEMARY )
MALFETTI, as Administrators Ad   )
Prosequendum for the Estate of   )
James Malfetti, III; JAMES       )
MALFETTI, JR; ROSEMARY MALFETTI, )    2016-cv-9
                                 )
              PlaintiffS,         )
                                 )
              v.                  )
                                 )
DAVIDSON PROFESSIONAL PARTNERS,  )
L.P.; MID-ATLANTIC REALTY CO.,   )
INC.; EDWARD DAVIDSON; MARTHA    )
DAVIDSON,                        )
                                 )
              Defendant.         )
```

**ATTORNEYS:**

**Nizar A DeWood**
The Dewood Law Firm
Christiansted, VI
**Nancy Ellen Lucianna**
Law Office of Nancy E. Lucianna P.C.
FortLee, NJ
    *For the plaintiffs,*

**Sharmane Davis-Brathwaite**
Dudley Rich Davis LLP
St. Thomas, VI
**Thomas F. Friedberg**
Law Offices of Friedberg & Bunge
San Diego, CA
    *For the defendants.*

## ORDER

Before the Court is the motion of James Malfetti, Jr. and Rosemary Malfetti, both in their individual capacities and as administrators of the estate of James Malfetti, III, to remand

this matter to the Superior Court of the Virgin Islands.

## PROCEDURAL AND FACTUAL HISTORY

Davidson Professional Partners, L.P.; Mid Atlantic Realty Co., Inc.; Edward Davidson; and Martha Davidson (collectively "the Davidson Group") owned property described as 18 Boatman Road on St. John, United States Virgin Islands (the "property"). There were multiple apartments and a main house on the property. Multiple tenants rented the different apartments. Several burglaries had occurred in the area.

In September, 2013, the Davidson Group rented one of the apartments to James Malfetti, III ("Malfetti"). On January 12, 2014, Malfetti informed an employee of the Davidson Group that a window in Malfetti's apartment was broken.

On January 18, 2014, Edward Davidson and Martha Davidson, informed the police of a burglary at the main house on the property. On January 19, 2014, Edward Davidson went to the apartment where Malfetti was staying. Malfetti was discovered dead in his apartment. Malfetti had been stabbed to death.

On November 20, 2015, Malfetti's parents, James Malfetti, Jr. and Rosemary Malfetti, both in their individual capacities and as administrators of Malfetti's estate, (collectively "the Malfettis") filed the current lawsuit in the Superior Court of the Virgin Islands. The Complaint alleged, among other things, a

wrongful death cause of action. On December 10, 2015, the defendants were served with the summons and Complaint. On January 23, 2016, the Davidson Group removed the current action to this Court. On February 14, 2016, the Malfettis moved to remand this action to the Superior Court.

## **DISCUSSION**

A defendant may remove any civil action brought in a state court "of which the district courts of the United States have original jurisdiction . . . ." 28 U.S.C. § 1441(a).

In accordance with 28 U.S.C. § 1446(a), a notice of removal of a state court action must be filed "in the district court of the United States for the district and division within which such action is pending." 28 U.S.C. § 1446(a).

Ordinarily,

> [t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C. § 1446(b)(1). Even where the initial pleading is not removable, a 30 day removal period is afforded at such time as

when an amended pleading that is removable is filed or made known. Indeed, the relevant statute provides:

> . . . if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

28 U.S.C. § 1446(b)(3).

A party may challenge the removal of a case by filing a motion to remand the matter to a state court. *See* 28 U.S.C. § 1447(c). "A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)." *Id*.

## ANALYSIS

The Malfettis argue that "[t]his case must be remanded to the Virgin Islands Superior Court because Defendants' Notice of Removal is untimely." *Mem. in Supp.*, ECF No. 7 at 5. 28 U.S.C. § 1446 requires that a case be removed within 30-days of service of process if the 30-day window of removal has been triggered. In order for the Complaint to trigger the 30-day window of removal, the Complaint must enable

> "the defendant to intelligently ascertain removability from the face of such pleading,

> so that in its petition for removal, the defendant can make a short and plain statement of the grounds for removal as required by 28 U.S.C. § 1446(a). A pleading enables a defendant to intelligently ascertain removability when it provides the necessary facts to support the removal petition. In cases where removal is based upon diversity, the facts required to support the removal petition include the amount in controversy and the address of each party."

*Whitaker v. American Telecasting, Inc.*, 261 F.3d 196, 205-06 (2d Cir. 2001). The notice of removal was filed 44 days after the Davidson Group was served. As such, the Court must determine whether the service of the initial complaint in this matter enabled the Davidson Group to intelligently ascertain that the case was removable.

In *Moltner v. Starbucks Coffee Co.*, 624 F.3d 34 (2d Cir. 2010), the United States Court of Appeals for the Second Circuit had an opportunity to consider when the 30-day window of removal is triggered. In that case, Rachel Moltner ("Moltner") a 76-year-old resident of New York, purchased a cup of tea at Starbucks. *See id*. at 35. The tea was served with a lid fastened to the top of her cup. *See id*. When Moltner removed the lid to add sugar, the tea spilled and she was badly burned. *See id*. at 35-36. Moltner's injuries were extensive enough that she was required to stay at a hospital. *See id.* at 36.

>Moltner filed a personal injury action on July 31, 2008 in New York State Supreme Court. Pursuant to New York C.P.L.R. § 3017(c), her complaint described her injuries but did not state the amount of monetary damages sought. Starbucks served its answer on August 26, 2008, and on the same date it served a Request for Supplemental Demand for Relief, in accordance with New York C.P.L.R. § 3017(c). Moltner responded to this Demand by letter dated October 21, 2008, stating that she sought damages not to exceed $3 million. On October 29, 2008, Starbucks filed a notice of removal. On November 12, 2008, Moltner moved to remand pursuant to 28 U.S.C. § 1447(c), asserting that Starbucks' removal had been untimely. By order dated March 13, 2009, the district court denied Moltner's motion.

*Id*.

Moltner argued that because the notice of removal was not filed within 30 days of service of Moltner's Complaint, that the motion to remand was untimely. *See id*. Moltner argued that Starbucks "applying a reasonable amount of intelligence to its reading of the complaint, should have deduced from the complaint's description of her injuries that the amount in controversy would exceed $75,000." *Id.* at 37 (internal quotations omitted). The Second Circuit rejected that argument. See id. at 37-38. The Second Circuit held that "the removal clock does not start to run until the plaintiff serves the

defendant with a paper that explicitly specifies the amount of monetary damages sought." *Id.* at 38.

Here, the Complaint in the Superior Court was served on the defendants on December 10, 2015. If the Complaint contained sufficient data about the citizenship of the parties and the amount in controversy, the Davidson Group would have until about January 9, 2016, to remove the action. The Complaint, however, is silent on its face as to the amount of damages sought. Furthermore, there is no indication of the general range of damages sought by the Malfettis.

Counsel for the Davidson Group asserts that he was not retained until on or about January 17, 2016. At that time, arguably because of his legal experience, he determined that, for a wrongful death action, the amount in controversy would exceed $75,000. Within 30 days of that determination, the Davidson Group filed its notice of removal. The determination of defense counsel does not end the inquiry.

Indeed, the Malfettis' complaint communicates no more explicit information to defense counsel than it did to the *pro se* Davidson Group. Even so, defense counsel was capable of intuiting from the verbiage in the Complaint that the amount of damages awarded could exceed $75,000. The issue presented under these circumstances is whether the *pro se* defendants should be

presumed to have the same knowledge base to make the same determination that their counsel did. On balance, the Court is not persuaded that either law or equity would impute such knowledge and intuition to *pro se* parties about the likely amount in controversy.

That is especially the case where, as here, there is an absence of some reference in the pleading or other papers that would communicate to the layperson the value of the claim. Here, there was no such reference.

The Court finds that fairness counsels against imputing such knowledge to a *pro se* defendant. As such, the 30 day "removal clock" did not start when the plaintiffs served the defendants with the Complaint.

Accordingly, the motion to remand will be denied as there is no other apparent defect in the notice of removal. *See generally* 28 U.S.C. § 1447.

The premises considered, it is hereby

**ORDERED** that the Motion for Remand is hereby **DENIED**.

S\_____
**CURTIS V. GÓMEZ**
**District Judge**